Michael J. Petitti, Jr. – 011667
Paige C. Pataky – 029951
**SHIELDS PETITTI & ZOLDAN, PLC**
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail:  mjp@shieldspetitti.com
E-Mail:  pcp@shieldspetitti.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Valencia, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| City of Tucson, | |
| Defendant. | |

Plaintiff Linda Valencia ("Plaintiff") for her cause of action against Defendant City of Tucson ("Defendant") alleges:

### GENERAL ALLEGATIONS

### (Parties and Jurisdiction)

1.    Plaintiff is a resident of Pima County, Arizona and was a resident of Pima County during all relevant times.

2.    Defendant City of Tucson is a political subdivision of the State of Arizona. Defendant is an employer within the meaning of 42 U.S.C. §§ 2000e(b) and 12111(5).

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.  This is an action brought by Plaintiff to vindicate violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §

1343285.1

12101, et seq., and Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, et seq.

4. Venue is proper in the District of Arizona because Defendant resides in this judicial district and the events giving rise to the claims occurred within this judicial district. 28 U.S.C. § 1391(b).

**(Jury Demand)**

5. Pursuant to Rule 38 of the *Federal Rules of Civil Procedure*, Plaintiff demands a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

6. Plaintiff has been employed by Defendant since 1990, as a police officer since 1996. At all times, she has performed with competence and distinction.

7. In March 2016, Plaintiff began a five-year special assignment as the supervisory Sergeant for the Human Resources Section-Background Unit. In this position, she received commendations for her work.

8. On August 16, 2018, Plaintiff's son died by self-inflicted gunshot. Plaintiff was subsequently diagnosed with post-traumatic stress disorder (PTSD) and adjustment disorder as a result of this tragedy.

9. Plaintiff's disability substantially limits her concentration, memory, and ability to sleep. However, due to the nature of Plaintiff's work in her special assignment, which was removed from police action that could potentially trigger PTSD or adjustment disorder symptoms, she did not require any accommodations while in that assignment.

10. As the end of the five-year term for the special assignment approached, Plaintiff's supervisor, Captain John Carlson, indicated that Plaintiff could potentially extend her term in the assignment. Accordingly, in or about February 2021, Plaintiff verbally requested to stay in the assignment as an accommodation for her disability. Defendant denied her request

2

1343285.1

without formal explanation.  Captain Carlson verbally indicated a variety of insufficient reasons for the denial.  Consequently, Plaintiff suffered an exacerbation of PTSD and adjustment disorder symptoms caused by the mere prospect of returning to patrol.

11.   On or about March 19, 2021, Plaintiff submitted a personnel report through her chain of command requesting to meet with the Chief or Deputy Chief to discuss an accommodation for her disability.  Captain Carlson, however, tried to dissuade Plaintiff from following through with her request.  Plaintiff notified Captain Carlson that she wanted to proceed with a formal ADA request for accommodation despite his objections.

12.   Thereafter, Captain Carlson continued to try to discourage Plaintiff from seeking an accommodation.  For instance, he wrongly advised Plaintiff that she would be found unfit for duty and stripped of her badge if she requested an ADA accommodation.  This misinformation caused Plaintiff a significant amount of distress.

13.   Nonetheless, Plaintiff persisted in her pursuit of an accommodation.  She submitted a revised personnel report on April 6, 2021.  A written denial was issued on April 14, 2021.

14.   On or about April 19, 2021, Defendant allowed Plaintiff to temporarily remain in the Background Unit on a light duty assignment while she trained her replacement, on the condition she sign a light duty agreement.  However, the light duty assignment was effectively a demotion from her role as supervisory Sergeant.  As before, she did not require any accommodations while working in the Background Unit.  Nonetheless, in accordance with the light duty agreement and Defendant's light duty policy, Plaintiff requested ADA paperwork in August 2021.

15.   In September 2021, Defendant transferred Plaintiff to the Criminal Investigations Division, despite a continuing need for her assistance in the Background Unit, and stripped

3

1343285.1

her of her assignment pay even though she continued to work in a special assignment capacity.

16.     Defendant allowed male sergeants who required accommodations to remain in special assignments years past the end of the assignment's term, including up to retirement.

17.     Defendant allowed non-Hispanic supervisors who required accommodations and were reassigned to light duty positions to keep their special assignment pay.  Defendant also did not subject them to fitness for duty scrutiny.

18.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  The EEOC issued its Notice of Right to Sue thereafter. (Exhibit 1).

19.     Defendant willfully, knowingly, and intentionally discriminated against Plaintiff because of her disability, sex, and national origin and in retaliation for requesting reasonable accommodations.  Defendant's stated reasons for its actions were false and pretextual.

20.     Plaintiff is damaged by the wrongful acts of Defendant and its agents as herein alleged, which damage includes, without limitation, the following:

    a.  Lost salary and employment benefits due Plaintiff from the time of her removal from the supervisory role until she should obtain employment at a similar rate of compensation;

    b.  Injury to Plaintiff's long-term employment, reputation and income potential flowing from the wrongful conduct by Defendant and;

    c.  Injury from humiliation, trauma, extreme stress, depression and physical and mental pain and anguish.

21.     The willful and wanton misconduct on the part of Defendant is such that it justifies an award of punitive damages.

22.     All prerequisites to Plaintiff filing suit have been met.

1343285.1

23.    All allegations of this Complaint are incorporated into each Claim for Relief.

**FIRST CLAIM FOR RELIEF**
**(Disability Discrimination)**

24.    Plaintiff is a disabled individual (PTSD and adjustment disorder) who is qualified to perform her job as a police sergeant with reasonable accommodations and was discriminated against because of her disability or Defendant's perception of her disability.

25.    Plaintiff's disability substantially limits concentration, memory, and ability to sleep, but, as noted, she is qualified to perform her job as a police sergeant with reasonable accommodations.

26.    Defendant removed Plaintiff from her special assignment without engaging in the interactive process and stripped Plaintiff of her special assignment pay.

27.    Plaintiff is damaged by Defendant's violations of the ADA as hereinabove alleged or as proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Retaliation Discrimination)**

28.    Plaintiff requested reasonable accommodations for her disability (PTSD and adjustment disorder).

29.    Thereafter, Defendant retaliated against Plaintiff by removing her from her special assignment and stripping her of special assignment pay.

30.    Plaintiff is damaged by Defendant's violations of the ADA as hereinabove alleged or as proven at trial.

**THIRD CLAIM FOR RELIEF**
**(Sex Discrimination)**

31.    Plaintiff is a member of a protected class (female) who is qualified for her position as a police sergeant but was removed from her special assignment and stripped of special assignment pay.    Defendant treated Plaintiff differently than similarly situated male

5

1343285.1

employees by allowing male sergeants to remain in special assignments years past the end of the assignment's term, including up to retirement.

32.    Plaintiff is damaged by Defendant's violations of Title VII as hereinabove alleged or as proven at trial.

## FOURTH CLAIM FOR RELIEF
### (National Origin Discrimination)

33.    Plaintiff is a member of a protected class (Hispanic) who is qualified for her position as a police sergeant but was removed from her special assignment and stripped of special assignment pay.  Defendant treated Plaintiff differently than similarly situated non-Hispanic supervisors who were accommodated in special assignments without being subjected to fitness for duty scrutiny and were given special assignment pay that was taken from Plaintiff.

34.    Plaintiff is damaged by Defendant's violations of Title VII as hereinabove alleged or as proven at trial.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant as follows:

    A. For all injunctive and declaratory relief necessary, including a declaration that Defendant's conduct violated the ADA and Title VII, and enjoining Defendant from conduct violating Plaintiff's rights;

    B. For actual, consequential and incidental damages as alleged herein or as determined at trial;

    C. For punitive damages;

    D. For Plaintiff's attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. §§ 1988 and 12205 and any other applicable statute, rule or regulation;

    E. For interest on each element of damage, cost or attorneys' fees at the highest

6

1343285.1

legal rate from the date such damage, cost or attorneys' fees was incurred until paid; and

F.  For such other and further relief as the Court deems just and proper.

DATED this 6th day of February, 2024.

SHIELDS PETITTI & ZOLDAN, PLC


By /s/ Paige C. Pataky
Michael J. Petitti, Jr.
Paige C. Pataky
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Attorneys for Plaintiff

7

1343285.1